UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS JACKSON,

    Plaintiff,                                                Hon. Janet T. Neff

v.                                                      Case No. 1:13-CV-475

F. HOGLE, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

        This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction, (dkt. #71) and Plaintiff's Motion for Subpoena, (dkt. #73). Plaintiff initiated this action on May 2, 2013, against several prison officials alleging violations of his First and Eighth Amendment rights. Plaintiff now moves for an Order compelling Defendant Erica Huss to: (1) transfer him to a different correctional facility, and (2) submit photographs of the exterior of his cell door. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motions both be **denied**.

        Injunctive relief is "an extraordinary remedy which should be granted only if. . .the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001) (citations omitted). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a

preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000).

Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997); *Michigan Bell Telephone Co. v. MFS Intelenet of Michigan, Inc.*, 16 F.Supp.2d 828, 831 (W.D.Mich. 1998). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion") (citations omitted).

Plaintiff alleges that he is incarcerated at the Ionia Correctional Facility and, furthermore, that the manner in which his cell door is secured constitutes a fire hazard. Accordingly, Plaintiff requests that he be transferred to another correctional facility. Plaintiff also requests that Defendant Huss be ordered to submit photographs of the exterior of his cell door presumably to support his underlying claim. Subsequent to filing the present motions, Plaintiff was transferred to a different correctional facility. *See* Curtis Jackson, Biographical Information, available at http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=282320 (last visited on July 10, 2014). Plaintiff's transfer to another facility renders moot his present claims for injunctive relief. *See, e.g., Parks v. Reans*, 510 Fed. Appx. 414, 415 (6th Cir., Jan. 7, 2013) ("[a] prisoner's request for injunctive and declaratory relief is moot upon his transfer to a different facility"). Accordingly, the undersigned recommends that Plaintiff's motions be **denied**.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction, (dkt. #71) and Plaintiff's Motion for Subpoena, (dkt. #73), both be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: August 6, 2014         /s/ Ellen S. Carmody
                             ELLEN S. CARMODY
                             United States Magistrate Judge