UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS O. JACKSON,

    Plaintiff,

v

F. HOGLE, et al.,

    Defendants.
_____/

Case No. 1:13-cv-475

HON. JANET T. NEFF

## OPINION AND ORDER

Plaintiff filed this prisoner civil rights action on May 2, 2013, alleging retaliation and denial of medical treatment. Defendants filed a "Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies" (Dkt 21), and the matter was referred to the Magistrate Judge. On August 7, 2014, the Magistrate Judge issued a Report and Recommendation (R&R), recommending that this Court grant Defendants' motion. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. On August 22, 2014, Plaintiff also filed a Motion to File Supplemental Complaint (Dkt 85), to which Defendants have not responded. For the following reasons, the Court denies the objections, denies the motion, and issues this Opinion and Order.

In support of their "Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies," Defendants argued that Plaintiff had not exhausted the grievance process through Step III as to any Defendant (Defs.' Br., Dkt 22 at 2, 9). Defendants pointed out that the MDOC Prisoner Step III Grievance Report for Plaintiff confirms that he has filed numerous Step III grievances but all of the Step IIII grievances pertained to issues that occurred in mid-2012 or earlier, i.e., issues that occurred before the events in this case, which took place from late January of 2013 through April 23, 2013 (*id.* at 10). Indeed, Defendants asserted that Plaintiff simply "could not have gone through all three steps of the grievance process before filing his complaint on May 2, 2013—just over a week after the last incident" (*id.*).

In response to Defendants' motion, Plaintiff attached certain grievance appeal receipts, arguing that the issues were, in fact, exhausted, albeit conceding that he "did not receive a response to his Step III grievance until January 21, 2014" (Pl.'s Resp., Dkt 59 at 1).

In the Report and Recommendation, the Magistrate Judge addressed the grievances Plaintiff identified. Regarding ICF-1304-0905-17c, the Magistrate Judge determined that "the evidence submitted by Plaintiff indicates [] his Step II grievance was denied on May 30, 2013, almost one month after the present action was initiated. Because Plaintiff initiated the present action before the prison grievance process was completed, this grievance cannot serve to exhaust any of the claims asserted herein" (R&R, Dkt 83 at 6). The Magistrate Judge determined that Plaintiff initiated the other grievance, ICF-1305-0946-28e, on April 29, 2013, and that Plaintiff's Step I grievance was denied on May 3, 2013, one day *after* the present action was initiated (*id.*). The Magistrate Judge therefore recommends that this Court grant Defendants' motion because "Defendants have carried

2

their burden of demonstrating that Plaintiff has failed to properly exhaust any of the claims asserted in this matter" (*id.* at 7).

In his objections, Plaintiff contends that the Magistrate Judge issued a "bias[ed] Report and Recommendation" (Objs., Dkt 84 at 1). He asserts that her "decision is prejudicial because the defendants made no such argument in their summary judgment motion" and that the Magistrate Judge "made her own independent and personal decision outside of the record" (*id.*). According to Plaintiff, his "response ... clearly supports that he did in fact submit a Step III grievance, which was not timely answered" (*id.* at 2).

Plaintiff's argument lacks merit.

The Magistrate Judge did not *sua sponte* raise the exhaustion issue but resolved the arguments Defendants made in their summary judgment motion that Plaintiff had failed to exhaust his administrative remedies before filing suit. Moreover, Plaintiff's argument emphasizing that he "did in fact submit a Step III grievance" overlooks the Magistrate Judge's determination that Plaintiff initiated the present action before the prison grievance process was completed. Plaintiff's argument therefore fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion. As for the charge of bias, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). *See, e.g., Traficant v. C.I.R.*, 884 F.2d 258, 267 (6th Cir. 1989) (holding that the plaintiff failed to demonstrate bias where the plaintiff pointed to episodes that were "nothing more than the Judge's rulings against Traficant on the merits").

Plaintiff also argues, as an additional "objection" to the Report and Recommendation, that the Magistrate Judge erred in "fail[ing] to address Plaintiff's supplemental complaint which

3

addressed issues that occurred during the case and was exhausted through all three steps of the grievance process" (Objs., Dkt 84 at 2). According to Plaintiff, "[t]he supplemental issues relate[] to First Amendment violations in which the defendants began to destroy all plaintiff's incoming mail at the facility" (*id.*).

Plaintiff did not file his Motion to File Supplemental Complaint (Dkt 85) until after the Magistrate Judge issued the Report and Recommendation. In any event, both Plaintiff's "objection" to the Report and Recommendation and his pending motion suffer from the same flaw as his response to Defendants' motion. Specifically, Plaintiff seeks to supplement his complaint to add "additional issues that occurred since the filing of the original complaint" concerning Defendant's destruction of both his incoming and outgoing mail (Dkt 85 at 1-2).

When considering whether to grant leave to amend a complaint, the court considers "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, ... and futility...." *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998) (quoting *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)). Plaintiff's grievances, which cannot serve to exhaust any of the claims asserted in the current version of his complaint, likewise cannot serve to exhaust Plaintiff's proposed claims, arising from conduct that occurred after he filed his complaint. The amendments he proposes would be futile. *See, e.g., Carney v. Christiansen*, 375 F. App'x 494, 497 (6th Cir. 2010) ("Carney's failure to exhaust his administrative remedies rendered his second amended complaint futile."); *Harris v. Errkila*, 48 F. App'x 978, 980 (6th Cir. 2002) (affirming the district court's decision to dismiss the complaint and deny the motion to amend the complaint, "as any amendment would be futile where it was clear that administrative remedies had not been exhausted"). Therefore, Plaintiff's Motion to File Supplemental Complaint and his related "objection" are denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Because this Opinion and Order resolves the last pending claim in this case, the Court will also enter a Judgment. *See* FED. R. CIV. P. 58. This action was filed *in forma pauperis*, and this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of the Judgment would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007). Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 84) are DENIED, and the Report and Recommendation (Dkt 83) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Dkt 21) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to File Supplemental Complaint (Dkt 85) is DENIED.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the Judgment would not be taken in good faith.


Dated: September  19 , 2014           /s/ Janet T. Neff
                                      JANET T. NEFF
                                      United States District Judge